IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

PETER THOMAS MCGOVERN, # 80094                                    PLAINTIFF

VERSUS                                  CIVIL ACTION NO.: 3:12CV62-DPJ-FKB

MISSISSIPPI DEPARTMENT OF
CORRECTIONS, CHRISTOPHER B. EPPS,
MICHELLE TAYLOR, GLORIA GIBBS,
TRACEY L. SANDERS, and TIM PALMER                                DEFENDANTS

### ORDER DISMISSING MDOC AND SANDERS

BEFORE THE COURT are *pro se* Plaintiff Peter Thomas McGovern's Complaint [1], Amended Complaint [5], and Response [9]. McGovern is incarcerated with the Mississippi Department of Corrections ("MDOC") and argues he has been wrongly denied him parole eligibility. The Court has considered and liberally construed the pleadings and finds MDOC and Defendant Tracey L. Sanders should be dismissed.

I.   Background

According to McGovern's pleadings, he was convicted in 2002 of selling amphetamines. He was sentenced to twenty years, with six to serve in the custody of MDOC, fourteen years suspended, followed by five years of probation. On March 18, 2008, his probation was revoked, and he is currently serving the remaining fourteen years.

The current dispute relates to McGovern's eligibility for parole. According to McGovern, Defendants MDOC and its officers and employees Christopher B. Epps, Michelle Taylor, Gloria Gibbs, and Tim Palmer denied his request for a parole eligibility date because a 1992 burglary conviction that prevented him from ever being considered for parole. McGovern claims that the denial violated the *Ex Post Facto* and Due Process clauses of the United States Constitution.

McGovern appealed the decision to the Hinds County Circuit Court, which held the amphetamine conviction was what precluded him from parole eligibility.  The Mississippi Court of Appeals affirmed on December 6, 2011.  According to its website, McGovern filed a motion for rehearing on January 6, 2012, which is still pending.  A few weeks later, McGovern filed the instant action on January 30, 2012, arguing that the burglary and drug convictions were nonviolent offenses, therefore they do not bar him from being considered for parole.  He sues for damages and a parole eligibility date.

II.     Discussion

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this Court.  One of the provisions reads, "the court shall dismiss the case at any time if the court determines that . . . the action . . . –(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised."  *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).  "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer."  *Id.*  The Court has permitted McGovern to proceed *in forma pauperis* in this action.  His Complaint is subject to *sua sponte* dismissal under Section 1915.

      A.     <u>MDOC</u>

McGovern first sues MDOC under Section 1983, and read liberally, under state law for an alleged wrongful denial of parole eligibility.

Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983.  The State of Mississippi is not amenable to suit under this statute, because "a State is not a person within the meaning of § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989).  This holding likewise applies to "any governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes." *Id.* at 70.  MDOC is considered an arm of the State of Mississippi.  Miss. Code Ann. § 47-5-1; *Scott v. Miss. Dep't of Corrs.*, No. 2:05cv2159-KS-JMR, 2006 U.S. Dist. LEXIS 43683 at *2 (S.D. Miss. June 12, 2006).  Therefore, the Section 1983 claims against MDOC are dismissed.

"Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'" *Will*, 491 U.S. at 71 n.10 (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985)).  "To ensure the enforcement of federal law, however, the Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law." *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004).  The Court notes that McGovern sues MDOC Commissioner Epps for injunctive relief, both in his individual and official capacity.

3

To the extent MDOC is sued under the Mississippi Tort Claims Act, the Act does not waive the State's Eleventh Amendment immunity "from suit in federal court." Miss. Code Ann. § 11-46-5(4). Therefore, the state law claims against MDOC are dismissed as well.

B.   Sanders

Next, McGovern sues Sanders for apparently signing the "Certificate to Proceed in State or federal Court." (Compl. at 10). McGovern alleges, "Along with this 3rd Step Response came a certificate with my name mis-spelled stating 'Inmate states that he has been unfairly been [sic] denied parole date, this has been explained to you in the first and Second Step Response' and signed by 'Tracey L. Sanders' Administrator Administrative Remedy Program." *Id.* at 4. When asked to explain how Sanders violated his constitutional rights, McGovern replied that Sanders is in charge of the Administrative Remedy Program and acted negligently in using incorrect grammar on the certificate and misspelling McGovern's name.

McGovern fails to state a claim upon which relief may be granted against Sanders for at least three reasons. First, "[t]here is no vicarious or *respondeat superior* liability of supervisors under section 1983." *Rios v. City of Del Rio*, 444 F.3d 417, 425 (5th Cir. 2006). The supervisor must either be personally involved in the violation or otherwise have caused the violation. *Id.* Therefore, the mere fact that Sanders may be in charge of the Administrative Remedy Program is not enough to create liability under Section 1983.

Second, negligently using incorrect grammar and misspelling a name simply do not rise to the level of constitutional torts, nor has any harm been alleged as a result of these mistakes. McGovern admits that Sanders's job was to:

> ensure that all responses are reviewed, investigated and answered according to M.D.O.C. policy and procedure before filling out the Certificate . . . with the

> General information [be]cause an offender is to use it to show he has fulfilled the requirements of the Administrative Remedy Program so if he is not satisfied with the Response of his Complaint, he can seek judicial review in either State and/or Federal Court.

(Resp. at 2). McGovern's exhibit shows this is what Sanders did, grammar and spelling notwithstanding. Sanders certified that McGovern, "#80094 has fulfilled the requirements of the Administrative Remedy Program and is eligible to seek judicial review within 30 days of receipt of the Third Step Response." (Am. Compl. Ex. L). He admits he was in fact able to appeal to the State courts.

Third, to the extent McGovern complains Sanders should have independently overruled the final ARP denial, this claim is frivolous. When an inmate receives a Third Step Response from the ARP, as did McGovern, he then may seek judicial review. *Easley v. Roach*, 879 So. 2d 1041, 1042 (¶2) (Miss. 2004). Nothing requires Sanders to prolong the ARP process and review the grievance yet a fourth time. Therefore, the claims against Sanders are dismissed as frivolous and for failure to state a claim upon which relief may be granted. This dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

III.    Conclusion

MDOC is dismissed because it is not a "person" under Section 1983 and is immune from suit in federal court on the state-law claim. The claims against Sanders are dismissed as frivolous and for failure to state a claim.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, the Section 1983 claim against Defendant Mississippi Department of Corrections should be and is hereby **DISMISSED WITH PREJUDICE**. The state-law claims against MDOC are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendant Sanders is **DISMISSED WITH PREJUDICE** as frivolous for failure to state a claim upon which relief could be granted against this Defendant. This dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

**SO ORDERED AND ADJUDGED** this the 4th day of June, 2012.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE