IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

PETER THOMAS McGOVERN                                                                PLAINTIFF

VS.                                                                         CIVIL ACTION NO. 3:12CV62-FKB

MISSISSIPPI DEPARTMENT OF
CORRECTIONS, et al.                                                                      DEFENDANTS

MEMORANDUM OPINION AND ORDER

This is an action filed by a state inmate pursuant to 42 U.S.C. § 1983. The only remaining defendant is Christopher Epps, Commissioner of the Mississippi Department of Corrections (MDOC). Presently before the Court are the parties' cross-motions for summary judgment. Having considered the motions, the Court concludes that Defendant Epps's motion should be granted, Plaintiff's motion should be denied, and this matter should be dismissed with prejudice.

Plaintiff is serving a sentence for sale of amphetamines. He alleges in this action that Defendant Epps's incorrect interpretation of Mississippi's parole statute, Miss. Code Ann. § 47-7-3 (2011), has resulted in his being wrongfully denied parole eligibility. This allegation fails to state a claim for relief under § 1983. It is well-established that Mississippi's parole statute creates no constitutionally protected liberty interest in parole. *Irving v. Thigpen*, 732 F.2d 1215, 1217-18 (5th Cir. 1984). And where a prisoner has no liberty interest in parole, he likewise has no constitutionally-protected interest in his parole classification or eligibility. *See Jones v. Stringfellow*, 86 Fed. Appx. 5 (5th Cir. 2003). Because Plaintiff has failed to allege the violation of a right secured by the Constitution or laws of the United States, he has failed to state a claim under § 1983. *See Bell Tel., LP v.*

*City of Houston*, 529 F.3d 257, 260 (5th Cir. 2008).

Accordingly, Defendant Epps's motion for summary judgment is hereby granted, and Plaintiff's motion is denied. The complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and will count as a "strike."[1] A separate judgment to this effect will be entered in accordance with Fed. R. Civ. P. 58.

IT IS SO ORDERED, this the 11th day of September, 2013.

    /s/ F. Keith Ball
    UNITED STATES MAGISTRATE JUDGE

---

[1] The three-strikes provision of the Prison Litigation Reform Act bars a prisoner from proceeding *in forma pauperis* in a civil action or in an appeal of a judgment in a civil action if, while incarcerated, the prisoner has had three prior actions or appeals dismissed for being frivolous or malicious or for failure to state a claim, unless the prisoner is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).